MEMORANDUM ***
Torres Gonzalez petitions pro se for review of the decision of the Board of Immigration Appeals, which summarily affirmed the immigration judge’s denial of his application for cancellation of removal. However, we lack jurisdiction to consider Torres Gonzalez’s appeal of the agency’s discretionary determination that he failed to demonstrate exceptional and extremely unusual hardship to his three United States citizen children. See Mendez-Castro v. Mukasey, 552 F.3d 975, 979 (9th Cir.2009).
Torres Gonzalez also argues that his wife is entitled to cancellation of removal because the IJ erred in determining that she did not have ten years of continuous physical presence. Torres Gonzalez’s wife first entered the United States on March 15, 1988, and the Notice to Appear was filed on May 20, 1997. This is less than the ten years required for cancellation of removal. Accordingly, the claim is merit-less.
Affirmed.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.